1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 SAN JOSE DIVISION

7

8 DEPENDABLE COMPONENT SUPPLY
CORP., et al.,

Case No. 5:18-cv-00198-EJD

9 Plaintiffs,

**ORDER GRANTING MOTIONS TO
CONSOLIDATE; APPOINTING LEAD
INTERIM COUNSEL**

10 v.

11 MURATA MANUFACTURING CO., LTD.,
et al.,

Re: Dkt. Nos. 18, 21, 55, 81, 82

12

13 Defendants.

14 And all related actions.

15

16      Plaintiffs in the above-captioned cases have sued Defendants for antitrust violations

17 relating to alleged price-fixing in the inductor market. Presently before the Court are two matters:

18 The first are several motions to consolidate the currently-related cases against Defendants. Dkt.

19 Nos. 18, 55, 82. The second are several motions to appoint various Plaintiffs' counsel as lead or

20 co-lead interim class counsel. Dkt. Nos. 21, 55, 81. Based on the parties' submissions and

21 counsel's arguments at the April 26, 2018 hearing, the Court orders as set forth below.

22 **I. MOTIONS TO CONSOLIDATE**

23      The district court may consolidate actions involving common questions of law and fact.

24 Fed. R. Civ. P. 42(a)(2). The court exercises "broad discretion to decide how cases on its docket

25 are to be tried so that the business of the court may be dispatched with expedition and economy

26 while providing justice to the parties." *Morin v. Turpin*, 778 F. Supp. 711, 733 (S.D.N.Y. 1991)

27

28

United States District Court
Northern District of California

1  (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1471, at 359 (1971)).  In

2  exercising this discretion, the court "weighs the saving of time and effort consolidation would

3  produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United*

4  *States*, 743 F.2d 703, 704 (9th Cir. 1984).  Consolidation may occur upon motion by a party or sua

5  sponte.  *In re Adams Apple, Inc*., 829 F.2d 1484, 1487 (9th Cir. 1987).

6  Upon review of the complaints in each of the actions presented here, the Court finds that

7  each case presents substantially similar factual and legal issues.  The Plaintiffs in each action

8  allege that Defendants conspired to fix prices in the inductors market and that Plaintiffs suffered

9  injuries in their purchases from Defendants.  The actions are in the same procedural stage as

10  Defendants have not yet filed an answer or responsive motion.  Moreover, since the claims for

11  each case arise from the same or similar set of circumstances, discovery issues relating to each

12  action will be parallel.  In addition, there appears to be no basis to find that consolidation would

13  cause inconvenience, delay or expense, especially since the parties appear to agree with the

14  consolidation request.  As such, the court finds consolidation appropriate.  The motions to

15  consolidate will therefore be GRANTED.

16  ## II.  APPOINTMENT OF INTERIM CLASS COUNSEL

17  Plaintiffs Dependable Component Supply Corp. ("Dependable"), Powerweb Inc. and

18  Powerweb Energy Inc. (collectively, "Powerweb"), and Arch Electronics Inc. ("Arch") move to

19  appoint their attorneys, Bleichmar Fonti & Auld LLP ("BFA") and Hausfeld LLP ("Hausfeld"), as

20  co-lead interim class counsel.  Dkt. No. 21.  Plaintiff Cambridge Capital Corp. ("Cambridge

21  Capital") moves to appoint its attorneys, Berman Tabacco ("BT"), as either sole lead counsel or

22  co-lead counsel with any other firm which the Court appoints as lead.  Dkt. No. 55.  Plaintiff Five

23  Rivers Electronics Innovations LLC ("Five Rivers") moves to appoint its attorneys, Joseph Saveri

24  Law Firm, Inc. ("JSLF"), as sole lead counsel.  Dkt. No. 81.  Plaintiff Inductors, Inc. has filed a

25  "response" which states that it supports the appointment as JSLF as lead counsel or requests that,

26  if the Court prefers a co-lead structure, that the Court appoint its attorneys, Stueve Siegel Hanson

27

28  Case No.: 5:18-cv-00198-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE; APPOINTING LEAD INTERIM
COUNSEL

1  LLP ("SSH"), as co-lead counsel with JSLF.  Dkt. No. 118.

2  Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim

3  counsel to act on behalf of a putative class before determining whether to certify the action as a

4  class action."  "Instances in which interim class counsel is appointed are those in which

5  overlapping, duplicative, or competing class suits are pending before a court, so that appointment

6  of interim counsel is necessary to protect the interests of class members."  *White v. TransUnion,*

7  *LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth)

8  § 21.11 (2004)).  Although Rule 23(g)(3) does not provide a standard for appointment of interim

9  counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1).

10  Under that section, the court considers: "(i) the work counsel has done in identifying or

11  investigating potential claims in the action; (ii) counsel's experience in handling class actions,

12  other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge

13  of the applicable law; and (iv) the resources that counsel will commit to representing the class."

14  Fed. R. Civ. Proc. 23(g)(1)(A).  The court may also "consider any other matter pertinent to

15  counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. Proc.

16  23(g)(1)(B).

17  BFA and Hausfeld are experienced class action firms.  *See* Declaration of Lesley Weaver

18  ("Weaver Decl."), Dkt. No. 21-3, at ¶¶ 3-5, 10-13; Declaration of Michael Lehmann ("Lehmann

19  Decl."), Dkt. No. 21-1, at ¶¶ 5-16.  Collectively, they employ over 90 attorneys worldwide.  *See*

20  Lehmann Decl. ¶ 18; Dkt. No. 73 at 6-7.  Specific to this case, BFA and Hausfeld together have

21  consulted industry reports and engaged industry experts and an economist to investigate the

22  potential class action claims.  Weaver Decl. ¶ 2; Lehman Decl. ¶¶ 3-4.  They have also contacted

23  Defendants regarding service of process, production of documents, the status of any application

24  for leniency under the Department of Justice's  ("DOJ") corporate leniency program, and the

25  cooperation obligations under the Antitrust Criminal Penalty Enhancement and Reform Act

26  ("ACPERA").  Declaration of Matthew Weiler ("Weiler Decl."), Dkt. No. 66-1, at ¶¶ 2-4.

27

28  Case No.: 5:18-cv-00198-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE; APPOINTING LEAD INTERIM
COUNSEL

1     BT is also an experienced class action firm. *See* Declaration of Todd Seaver ("Seaver

2  Decl."), Dkt. No. 55-1, at ¶¶ 3-19. It employs 34 attorneys, spread across the east and west coast.

3  *Id.* ¶ 3. On this case, BT has consulted industry data and researched the inductors market to

4  investigate potential claims. *Id.* ¶¶ 2, 7. It also contacted Defendants regarding their ACPERA

5  obligations and translated their complaint into Japanese. Declaration of Todd Seaver in Support of

6  Reply ("Seaver Reply Decl."), Dkt. No. 75-1, at ¶¶ 3-5.

7     JLSF and SSH are also experienced class action firms. *See* Declaration of Joseph Saveri

8  ("Saveri Decl."), Dkt. No. 81-1, at ¶¶ 14-21; Declaration of Jason Hartley ("Hartley Decl."), Dkt.

9  No. 118-1, at ¶¶ 12-20. JLSF has a single office in San Francisco and employs over 10 attorneys.

10  *See* Dkt. No. 81-3. SSH has offices in Kansas City and San Diego and employs 25 attorneys.

11  Hartley Decl. ¶ 15. On this case, JLSF has engaged expert economists and Japanese attorneys to

12  investigate potential claims, and has also reached out to Defendants regarding issues related to

13  service and ACPERA cooperation. Saveri Decl. ¶¶ 3-7. JLSF also boasts that its complaint

14  includes additional defendants and adds new, additional factual allegations. *See* Dkt. No. 54 at 5;

15  Dkt. No. 81 at 6-7. SSH has worked with JLSF in filing its own client's complaint and has spent

16  time consulting an economist to investigate potential claims. Hartley Decl. ¶ 10.

17     Upon careful consideration of the parties' submissions and counsel's arguments at the

18  April 26, 2018 hearing, the Court finds that the most appropriate choice here is to appoint BFA

19  and Hausfeld as co-lead counsel. While the Court commends all firms on their impressive

20  resumes and litigation experience, the efforts expended by BFA and Hausfeld to promptly identify

21  and investigate the claims, coupled with the extensive amount of resources which they have

22  available to expend on this case, renders them superior to represent the putative class.

23  Accordingly, the Court appoints BFA and Hausfeld as co-lead interim counsel.

24  **III.  ORDER**

25     Based on the foregoing, the motions to consolidate (Dkt. Nos. 18, 55, 82) are GRANTED.

26  The motion to appoint BFA and Hausfeld as co-lead interim counsel (Dkt. No. 21) is GRANTED,

27  Case No.: 5:18-cv-00198-EJD

28  ORDER GRANTING MOTIONS TO CONSOLIDATE; APPOINTING LEAD INTERIM
COUNSEL

1  and the competing motions (Dkt. Nos. 55, 81) are DENIED.  In light of the proposed Case

2  Management Order (Dkt. No. 18-6), the Court hereby ORDERS as follows:

3  **Consolidation**

4      (1) The Clerk of the Court shall consolidate case numbers 5:18-cv-00198-EJD, 5:18-cv-

5  00349-EJD, 5:18-cv-00511-EJD, 5:18-cv-00686-EJD, 5:18-cv-00851-EJD, 5:18-cv-01128-EJD,

6  and 5:18-cv-02175-EJD into one case such that the earliest-field action, 5:18-cv-00198-EJD, is the

7  lead case.

8      Once consolidated, the Clerk shall close 5:18-cv-00349-EJD, 5:18-cv-00511-EJD, 5:18-cv-

9  00686-EJD, 5:18-cv-00851-EJD, 5:18-cv-01128-EJD, and 5:18-cv-02175-EJD.

10      (2) The terms of this Order ("CMO") shall not have the effect of making any person, firm

11  or corporation a party to any action in which he, she, or it has not been named, served or added as

12  such, in accordance with the Federal Rules of Civil Procedure.  The terms of this CMO and the

13  consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses

14  under the Federal Rules of Civil Procedure or any other statute or common law to the Actions, or

15  any subsequently filed consolidated or related action.

16  **Master Docket and Master File**

17      (3) A Master Docket and Master File are hereby established for the Actions.  The Master

18  File number shall be 18-cv-198.  A Master Docket will be maintained for the Actions with all

19  entries to be docketed under the Master File number.  If a document pertains to only one or some

20  of the consolidated cases, it will be docketed on the Master Docket with the notation in the docket

21  text as to the case numbers to which it pertains.

22      (4) Separate docket numbers shall be terminated in accordance with the regular procedures

23  of the Clerk of this Court, and any pending schedules, deadlines, or dates in the 5:18-cv-00349-

24  EJD, 5:18-cv-00511-EJD, 5:18-cv-00686-EJD, 5:18-cv-00851-EJD, 5:18-cv-01128-EJD, and

25  5:18-cv-02175-EJD cases shall be vacated.

26      (5) An original of this CMO shall be filed by the Clerk in the Master File and in the files

27  Case No.: 5:18-cv-00198-EJD

28  ORDER GRANTING MOTIONS TO CONSOLIDATE; APPOINTING LEAD INTERIM
COUNSEL

for each of the Actions captioned above, and in the file of every action subsequently consolidated herewith.

**Caption of Cases**

(6) Every pleading filed in the Actions shall hereafter bear the following caption: "In re Inductors Antitrust Litigation, Case No. 18-cv-198-EJD."

(7) All papers previously filed and served to date in the Actions are deemed part of the record in 18-cv-198-EJD.

**Filing and Docketing**

(8) When a paper is filed and the caption shows that it is to be applicable to any of the Actions, such paper shall be filed in the Master File (18-cv-198-EJD) and the Clerk shall note such filing in the Master Docket. Such papers need not be filed, and docket entries need not be made, in any other case file.

(9) When a paper is filed and the caption shows that it is to be applicable to fewer than all of the Actions, such paper shall be filed in the Master File. In other words, it is not necessary to file the paper in any action other than the Master File.

**Admission of Attorneys and Appearances**

(10) Each attorney who has already made an appearance or been admitted pro hac vice in any of the Actions shall be deemed admitted in In re Inductors Antitrust Litigation, Case No. 18-cv-198-EJD

(11) Counsel who have not yet entered an appearance shall file a Notice of Appearance in In re Inductors Antitrust Litigation, Case No. 18-cv-198-EJD.

**Application of This Order to Subsequently Filed or Transferred Cases**

(12) Counsel in the above-captioned Actions shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances as are alleged in the Actions and that therefore might properly be consolidated or coordinated with the Actions.

(13) Counsel in the Actions shall promptly mail a copy of this Order to counsel for

Case No.: 5:18-cv-00198-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE; APPOINTING LEAD INTERIM COUNSEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

plaintiff(s) in each such subsequently filed or transferred related action and to counsel for

Defendants in each such action not already a party to the Actions. Promptly thereafter, upon notice

to counsel for the parties in each such action, counsel for Plaintiffs in the Actions and counsel for

Defendants shall submit to the Court a proposed order consolidating any such action.  Any party

objecting to the application of this CMO to such a subsequently filed or transferred action, or

objecting to consolidation with the Actions, shall file a motion seeking relief from this CMO

within ten (10) days after the date upon which such a copy of this CMO is mailed by counsel in

the Actions to counsel for such party.

**Filing and Service of Documents**

(14) This case is assigned to the Electronic Case Filing (ECF) System. The parties are

referred to the Court's electronic filing requirements and procedures

(http://www.cand.uscourts.gov/cm-ecf).

(15) Papers that are filed through the Court's ECF system are deemed served on all parties.

Plaintiffs shall effect service of papers on Defendants by e-filing the papers in accordance with all

applicable rules or, if e-filing is unavailable or inapplicable, by serving a copy of the same on

Defendants' counsel by electronic mail in accordance with the Federal Rules of Civil Procedure.

Defendants shall effect service of papers on Plaintiffs by e-filing the papers in accordance with all

applicable rules or, if e-filing is unavailable or inapplicable, by serving a copy of the same on

Interim Class Counsel by electronic mail in accordance with the Federal Rules of Civil Procedure.

All other service of papers (including service of process for initiating documents) shall be

governed by the Federal Rules of Civil Procedure, unless otherwise agreed by the parties.

**Preservation of Evidence**

(16) All named parties and counsel are reminded of their duty to preserve evidence that

may be relevant to this action, including electronically stored information.  Until the parties reach

an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall

take reasonable steps to preserve all evidence that may be relevant to this litigation.  Counsel, as

Case No.: 5:18-cv-00198-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE; APPOINTING LEAD INTERIM
COUNSEL

7

1    officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties

2    and non-parties, including employees of foreign corporate or institutional parties, of their

3    preservation obligations.

4    **Appointment of Interim Lead Class Counsel**

5           (17) The Court appoints BFA and Hausfeld as Interim Co-Lead Class Counsel for the

6    putative class.

7    **Consolidated Complaint**

8           (18) On or before May 24, 2018, Plaintiffs in In re Inductors Antitrust Litigation shall file

9    a Consolidated Amended Class Action Complaint.

10    **Initial Case Management Conference**

11           (19) The Court CONTINUES the initial case management conference to June 21, 2018 at

12    10:00 a.m.  The parties shall file a joint case management statement no later than June 11, 2018.

13           (20) The other deadlines in the Court's order at Dkt. No. 117 are RESET as follows:

14

| Event | Deadline |
|-------|----------|
| Last day to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | May 31, 2018 |
| Last day to file ADR Certification and either file Stipulation to ADR Process or Notice of Need for ADR Phone Conference | May 31, 2018 |
| Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement | June 11, 2018 |

22         **IT IS SO ORDERED.**

23    Dated: April 27, 2018

24                                    

25                  EDWARD J. DAVILA
              United States District Judge

26

27

28    Case No.: 5:18-cv-00198-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE; APPOINTING LEAD INTERIM
COUNSEL